## FUTCH v. BOHANNON.

1. Where one employs a flat-boat or other means of transporting his employees and his wagons and teams across a stream to and from his sawmill, and does not transport any part of the public for hire or compensation, he is not engaged in operating a ferry.

2. Where one employs a flat-boat or other vessel, not for the purpose of conveying any part of the public or freight for hire, but for the purpose indicated in the preceding headnote, he does not infringe upon or violate the rights of the owner of a public ferry, though the right of the latter to maintain and operate a ferry is exclusive, and territorially extends beyond the point at which the former keeps and maintains a flat-boat or other means for the purpose of conveying his employees and teams across the stream.

APRIL 13, 1910.

Injunction. Before Judge Whipple. Wilcox superior court. December 8, 1909.

*M. B. Cannon*, for plaintiff in error. *E. H. Williams*, contra.

BECK, J. The plaintiff filed his equitable petition and sought an injunction against defendants, Futch and Hamilton, praying that they be enjoined from operating a ferry on the Ocmulgee river at a point less than ten and a half miles from the place at which the plaintiff was operating a public ferry, in the exercise of a franchise alleged and admitted by the defendants to be exclusive as to the territory named, and to have been duly granted to petitioner

by the proper authorities. There was some evidence to support the allegation that the defendants were preparing to operate a ferry as alleged in the petition.

Futch (Hamilton having been dismissed from the case) denied that he was preparing or intended to establish or operate either a public or a private ferry, and contended that the preparations which he was making were exclusively for the purpose of transporting, for his own private use and benefit, employees, wagons, and teams employed by him in moving lumber manufactured at his sawmill to a place at which the lumber was loaded for shipment, and that it was necessary for him to cross the river with his teams in taking them back and forth from the mill, and that it was nearer and more convenient for himself, his employees, and teams to cross the river at the point where he proposed transporting them than at the ferry operated by the petitioner. Defendant admitted that he did not own the land on either side of the stream. He introduced no evidence other than his sworn answer. Upon the interlocutory hearing the court granted the injunction against Futch as prayed for, and also adjudged that he "be further enjoined from using said attempted ferry as prayed for by him in his answer."

Whether the petitioner, under the grant of a franchise, had the sole and exclusive privilege of maintaining and operating a ferry within the distance of ten and a half miles on either side of the ferry established by him is not presented in this record. The petitioner's exclusive right to operate a ferry charging toll within the designated distances was not challenged or questioned by the defendant, and the order of the judge granting the interlocutory injunction, restraining the defendant from operating a public or private ferry,—that is, a ferry at which tolls are charged or any part of the public transported for hire, is not excepted to; but the court's order is broad enough to operate as an injunction against the employment of flat-boats to be used by the defendant as a means of transporting wagons and teams necessary in the operation and carrying on of his sawmill. In the defendant's answer it is distinctly alleged that he intended to run and operate "said ferry" exclusively for his own private use and benefit, and for the purpose of carrying his teams across the river, as stated above. The answer also negatives any idea of carrying or transporting the public or any part thereof for hire or toll; and yet in the interlocutory order it

is adjudged that the defendant "be further enjoined from using said attempted ferry as prayed for by him in his answer." Both in the answer and in the interlocutory injunction, the employment and use by the defendant of a means of transporting his teams across the river is spoken of as a ferry. The term "ferry" in itself imports, necessarily, the idea of charging or receiving toll for transportation. A ferry is the right of "carrying passengers across streams, or bodies of water, or arms of the sea, from one point to another, for a compensation paid by the way of a toll." 2 Wash. Real Prop. (6th ed.) § 1215. And this definition is substantially in accord with numerous definitions of the word found in the law dictionaries, text-books, and the decisions of courts. "A public ferry is open to all. Regular fare is established. The ferryman is. a common carrier. He is bound to take over all who come, and he is held to strict liability. Such a right exists, not as appurtenant to his land, but as a franchise which needs the grant of the proper authority." Greer v. Haugabook, 47 Ga. 282. In the same case the court said: "A private ferry is mainly for the use of the owner; and though he may take pay for ferriage, he does not follow it as a business. His ferry is not open to the public, at its demand. He may, or may not, keep it going," etc. In both expressions, "public ferry" and "private ferry," is involved the idea of a right to take compensation for transportation or freight or passengers by way of toll. Consequently the operation of a boat by a person merely for the purpose of conveying his own teams and employees across a stream would be neither a public nor a private ferry; and the employment of proper means for transporting himself, his employees, and his teams by the defendant in no way interfered with or violated any rights of the petitioner in this case to the maintenance and operation of a ferry, however exclusive those rights may have been within the territory designated. And while the court's order, so far as it operates to prevent the defendant from establishing and operating a ferry, whether public or private, is permitted to stand, direction is given that the injunction be so modified as to allow the defendant to employ a flat-boat or other suitable means of conveying his employees and his wagons and teams across the stream where it is contended he was preparing to operate a ferry.

*Judgment affirmed, with direction. All the Justices concur.*